UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JASON JERELL SMITH                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:12CV-P43-S

LARRY D. CHANDLER *et al.*                                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Jason Jerell Smith's *pro se* complaint (DN 1) and supplemental filing (DN 11) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

I.

Plaintiff filed a civil-rights action pursuant to 42 U.S.C. § 1983 against Kentucky Parole Board Members Larry Chandler, Carolyn Mudd, and Verman Wilburn, in their official capacities.

According to the complaint, on November 17, 2011, Defendants Parole Board Members Mudd and Chandler reviewed Plaintiff's inmate file and determined that he was not eligible for parole "for the following major reasons: Prior Felony Convictions, Prior Misdemeanor Convictions, Poor Institutional Adjustment and A pending Detainer." Defendants recommended that Plaintiff obtain a release of the detainer and deferred Plaintiff's next review for 24 months. Plaintiff maintains that the information is false as he does not have any previous felonies and does not have a pending detainer. On November 21, 2011, therefore, Plaintiff sought reconsideration of the Parole Board's decision providing evidence that he does not have any

previous felonies or a pending detainer.  On December 19, 2011, Plaintiff received a letter from Defendant Parole Board Chairman Wilburn finding no grounds for reconsideration.  After Plaintiff's transfer to another institution, he met with the facilities' parole board staff on January 19, 2012, and was advised that the Parole Board Members could not have reviewed Plaintiff's file because it shows that Plaintiff has no previous felonies or a pending detainer.  Plaintiff claims that the Parole Board is violating his rights by keeping him in prison based on false information and by giving him the maximum deferment allowed by law.

As relief, Plaintiff requests the Court to order the Parole Board to grant him a new parole hearing in 2012, rather than having to wait 24 months; alternatively, he asks the Court to order the Parole Board to grant him immediate parole.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

### A.  *New Parole Hearing*

Plaintiff claims that the Parole Board erred in deferring his parole hearing 24 months based on false evidence. Plaintiff, therefore, asks for a new parole hearing in 2012. Although not specified by Plaintiff, it appears that he is alleging a due-process violation. Plaintiff, however, fails to state a due-process claim concerning his request for a new parole hearing.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "Prisoners have 'no constitutional or inherent right' to parole or a parole hearing." *Coleman v. Martin*, 63 F. App'x 791, 792 (6th Cir. 2003) (quoting *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). Furthermore, the Commonwealth of Kentucky has not created a liberty interest in parole. *See* Ky. Rev. Stat. § 439.340(1). Instead, Kentucky considers the grant of parole a matter of "grace or gift" to persons deemed eligible for reasons found by the Parole Board. *See Lynch v. Wingo*, 425 S.W.2d 573, 574 (Ky. 1968).

Plaintiff's claim seeking a new parole hearing must be dismissed.

### B. *Release on Parole*

Alternatively, Plaintiff asks the Court to order the Parole Board to grant him immediate parole. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Because Plaintiff seeks immediate release on parole, the § 1983 claim cannot lie. The **Clerk of Court is DIRECTED** to send Plaintiff a form for filing a 28 U.S.C. § 2254 petition for writ of habeas corpus should Plaintiff wish to file such an action.

For these reasons, the Court will enter a separate Order dismissing this § 1983 action.

Date: October 5, 2012

**Charles R. Simpson III, Judge
United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4411.005